UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>G4S SECURE SOLUTIONS (USA), INC.,<br><br>Defendant. | Case No.: 18cv2335-BAS (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE EEOC'S MOTION TO ENFORCE SUBPOENA** |

Before the Court is Plaintiff Equal Employment Opportunity Commission's ("EEOC") application for an order to show cause as to why its subpoena to Defendant G4S Secure Solutions (USA), Inc. ("G4S") should not be enforced. ECF No. 1. The Court set a briefing schedule with which the interested parties complied. ECF Nos. 2, 3, 6. Having considered the submissions of all parties, the motion to enforce the subpoena is **GRANTED IN PART** and **DENIED IN PART**.

### I.   FACTUAL BACKGROUND

The EEOC issued the subpoena to G4S in connection with an EEOC investigation of a charge of sex and race discrimination and retaliation against G4S filed by charging party Pamela Stathas. *Id.* at 1-2. Ms. Stathas was employed as a security guard by G4S and placed at a Bank of America location where she alleges she was subjected to verbal

1

harassment including racial comments, and comments regarding her sex and sexual orientation. *Id.* at 3. Ms. Stathas alleges she complained to one of her supervisors at G4S and no action was taken. *Id.* Upon complaining to Bank of America, the bank launched an investigation. *Id.*; *see also* ECF No. 4 at 4. The bank investigation appears to have concluded that Ms. Stathas and the bank employees were engaged in unprofessional inappropriate relationships. *Id.* Following the bank's investigation, Ms. Stathas was issued a final written warning from G4S and transferred to a position at a different location.[1] ECF No. 1-2 at 3; ECF No. 4 at 5.

Ms. Stathas filed a charge with the EEOC for discrimination based on race, sex, and sexual orientation, as well as retaliation in the transfer to a less desirable location. ECF No. 1-2 at 3. She also alleged a "class of employees have been discriminated against because of their race and sex." *Id.* The EEOC began investigating Ms. Stathas's allegations, and sent a request for information. ECF No. 4 at 5. G4S responded with a Position Statement and provided documents in response to many of the requests at issue. *Id.* However, G4S objected to three requests: Nos. 2, 15, and 18. *Id.* The parties met and conferred but could not reach agreement. *Id.* at 6. Accordingly, the EEOC issued the subpoena that is the basis of this dispute (Subpoena No. SD-18-14), purportedly restating the same requests, but limiting the scope of the requests to San Diego County, as follows:

1. Compile a list of all individuals employed by Respondent's San Diego County operations and in Charging Party's job classification who have been discharged at any time during the relevant period. For each employee identified, provide the following:
    a. Name;
    b. Position;
    c. Date of discipline;
    d. Reason for discipline;
    e. Person recommending the discipline, including name, position, sex; race;

---

[1] G4S's factual background acknowledges that Ms. Stathas was, following transfer and an incident at the new location, administratively terminated. ECF No. 4 at 5.

      f. Person making final decision to discipline, including name, position sex; race; and,

      g. Copies of all documents relating to the subject discipline, including but not limited to documentation of any progressive discipline leading up to the disciplinary action.

2. Produce any and all documents that state, reference, or describe the following information for all complaints of harassment received by Respondent during the relevant time period and relating to Respondent's San Diego County operations:
   a. Name, position, and department of complainant;
   b. Name and position for each person(s) receiving the complaint(s) and the date of the receipt of the complaint(s);
   c. Name and position of each person whose conduct was the subject of the complaint;
   d. A detailed description of the relationship between the alleged harasser and the Respondent;
   e. A detailed account of the conduct which is subject of the complaint including the date(s);
   f. The context in which the alleged conduct occurred, including the specific location;
   g. An explanation of the relationship between the alleged harasser and the complainant;
   h. The name and sex of each witness to the event(s) alleged which served as a basis for the harassment complaint;
   i. A description of each disciplinary/discharge action taken against the harasser, including, but not limited to, the date and nature of each action; and,
   j. Copies of all documents which state, describe, reference, or relate to each harassment complaint, including all documents generated as part of the investigation of the complaint, any investigative report, and the resolution of the complaint.

3. Provide unredacted/unaltered copies of any and all contractual agreements for security services in effect between G4S Secure Solutions and the Bank of America located at 845 N 2nd Street, El Cajon, CA 92021 during the period of January 1, 2014 to the present.

*Id.* at 5-6.

In response, G4S submitted a petition to revoke the subpoena, which was denied as untimely. ECF No. 1-12. This enforcement action follows.

///

## II. LEGAL STANDARDS

The scope of the judicial inquiry into an EEOC or any other agency subpoena enforcement proceeding is quite narrow. The Supreme Court recently explained:

> A district court is not to use an enforcement proceeding as an opportunity to test the strength of the underlying complaint. *[cite]* Rather, a district court should 'satisfy itself that the charge is valid and that the material requested is "relevant" to the charge.'" *University of Pa.[v. EEOC,],* 493 U.S. [182], at 191. It should do so cognizant of the "generou[s]" construction that courts have given the term "relevant." [*EEOC v.*] *Shell Oil,* 466 U.S. [54], at 68–69, ("virtually any material that might cast light on the allegations against the employer"). If the charge is proper and the material requested is relevant, the district court should enforce the subpoena unless the employer establishes that the subpoena is "too indefinite," has been issued for an "illegitimate purpose," or is unduly burdensome. *Id.,* at 72, n. 26. See *United States v. Morton Salt Co.,* 338 U.S. 632, 652–653 (1950) ("The gist of the protection is in the requirement ... that the disclosure sought shall not be unreasonable" (internal quotation marks omitted)).

*McLane Co., Inc. v. E.E.O.C.,* 137 S. Ct. 1159, 1165 (2017, revised Apr. 3, 2017).

Under Ninth Circuit precedent, the critical questions are: (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation. *E.E.O.C. v. Fed. Exp. Corp.,* 558 F.3d 842, 848 (9th Cir. 2009); *see also E.E.O.C. v. TriCore Ref. Laboratories*, 15-MC-00046WJ, 2016 WL 6823516, at *3–4 (D.N.M. Feb. 8, 2016), *aff'd,* 849 F.3d 929 (10th Cir. 2017) (same); *U.S. E.E.O.C. v. Ayala AG Services*, 1:13-MC-00032-SKO, 2013 WL 5670901, at *2 (E.D. Cal. Oct. 15, 2013) (same); *E.E.O.C. v. Infiniti of Fairfield*, MISC S-11-0040 JAM, 2011 WL 2516283, at *2 (E.D. Cal. June 22, 2011) (same).

## III. DISCUSSION

The parties do not dispute that the EEOC has authority to investigate and followed the procedural requirements in issuing the subpoena in question. There is a dispute as to whether G4S properly exhausted administrative remedies in submitting its petition to

revoke, operating as waiver of the objections. G4S also argues the subpoena seeks irrelevant information and is unduly burdensome.

**A. Waiver**

Failure to timely file a petition to revoke or otherwise challenge a subpoena generally precludes an employer from challenging an otherwise valid subpoena. *E.E.O.C. v. City of Milwaukee*, 54 F. Supp. 2d 885, 891 (E.D. Wis. 1999) ("In an administrative subpoena enforcement action, a person who has failed to exhaust his or her administrative remedies in challenging an EEOC subpoena generally is precluded from raising defenses to the judicial enforcement of the subpoena.").

G4S counters with reference to other district court cases within this circuit finding no waiver of objections where, as here, the petition to revoke the subpoena was submitted on the date provided by the subpoena for compliance and where the face of the subpoena did not otherwise reference the five day deadline to submit a petition to revoke. ECF No. 4 at 8; *E.E.O.C. v. Bashas', Inc. ("Bashas")*, CIV09-0209PHXRCB, 2009 WL 3241763, at *7 (D. Ariz. Sept. 30, 2009) (finding the court has discretion to consider waiver arguments where Congress has not state a clear and unequivocal exhaustion requirement), *order clarified*, CIV 09-0209 PHX RCB, 2009 WL 5206632 (D. Ariz. Dec. 24, 2009) (clarification on other grounds). The *Bashas* court noted that the applicable statute, 29 U.S.C. § 161, provided permissive language to submit a petition to revoke that was at odds with mandatory language of the regulation, 29 C.F.R. § 1601.16(b). *Id. at *3*. Accordingly, the *Bashas* court held, as did courts before it, that compliance with the regulation was not a jurisdictional prerequisite, but instead created a presumption that issues that are not presented to the agency cannot be presented to the court absent compelling circumstances. *Id.* at *4-5. In analyzing the circumstances, the *Bashas* court relied on the failure of the subpoena to reference the regulation providing a time frame for submitting a petition to revoke. *Id*. at *8. The court noted that the response complied with the only date that appeared on the subpoena; that the EEOC did not raise the five day deadline until it submitted its application for enforcement; and that the respondent

had consistently made the objections known. *Id.* Under these circumstances, the *Bashas* court exercised its discretion to consider the objections raised by the respondent.

Here, the Court finds the permissive versus mandatory language of the applicable statutes unchanged and the reasoning of *Bashas* court sound. Likewise, in the present case, the face of the subpoena does not reference the regulations requiring a petition to revoke be submitted within five days, and G4S's petition to revoke was served on the only date appearing on the face of the subpoena, July 13, 2017. ECF Nos. 1-10, 1-12. The only notable distinction between *Bashas* and the present case, as pointed out in the EEOC's reply brief, is the plain reference to the regulation containing mandatory language and the five day requirement to submit a petition to revoke in the opening line of G4S's petition to revoke. ECF No. 1-12 ("Consistent with 29 C.F.R. § 1601.16(b), G4S …petitions to revoke the Subpoena on the following substantive grounds…"). G4S cannot claim ignorance of the time frame to submit a petition to revoke in light of the clear opening reference. Nonetheless, the circumstances are similar enough to *Bashas* that the Court will exercise its discretion to consider the objections raised by G4S.

### B. Relevance and Undue Burden

While relevance is given broad construction, the material requested by way of subpoena must be relevant to the charge. The allegations of the charge are therefore briefly recounted once more: The charge alleges that Ms. Stathas was subjected to racial comments and other verbal harassment; complained to her supervisor at G4S who took no action; and alerted the Bank of America manager to the harassment who initiated an investigation that resulted in a final written warning and transfer to a less desirable location with lower pay. ECF No. 1-5. Ms. Stathas believes she was subjected to discrimination and retaliation, and that a class of employees have been discriminated against because of their sex and race. *Id.*

///
///
///

Subpoena Request No. 1

Subpoena item No. 1 requests all documents for employees in the same job classification as Ms. Stathas who were "discharged at any time during the relevant period."

The EEOC argues that information regarding other discharged employees is relevant because inquiring with third parties regarding their experiences could cast light on the truth of the allegations against the employer, corroborating or refuting Ms. Stathas's claims, and would be of particular import to the class allegations. ECF No. 1-2 at 13-14.

The Court disagrees. Ms. Stathas's charge does not allege that she was improperly discharged, or raise her discharge at all. She alleges she was subjected to harassment and improperly transferred in retaliation following her complaints of harassment. While inquiring with other employees or former employees regarding harassment and discrimination may be important to the EEOC investigation, there is no reason that the discharged employees are relevant to the investigation; further, there is no showing that other employees (past or present) are unavailable for interview for the same purposes. The motion to enforce is DENIED as to this item.

Subpoena Request No. 2

Subpoena item No. 2 requests documents showing complaints of harassment in the San Diego County area. In light of Ms. Stathas's allegations that she presented her harassment complaints to a G4S supervisor and no action was taken, documents showing complaints of harassment and G4S's responses (or lack thereof) are plainly relevant. Thus, the burden shifts to G4S to show the request is "too indefinite," has been issued for an "illegitimate purpose," or is unduly burdensome. *McLane Co.,* 137 S. Ct. at 1165 (2017).

G4S argues the request is irrelevant and unduly burdensome because there were no other harassment complaints filed by employees at the Bank of America location where Ms. Stathas was placed. ECF No. 4 at 11. This is too narrow a construction. Ms.

Stathas's charge alleges that she informed a supervisor on no less than 4 occasions that she was subjected to harassment. G4S's own submission concedes it was unaware of the alleged harassment until Bank of America informed G4S of the investigation. The manner in which G4S handles harassment complaints of any kind, documents relating thereto, and speaking to other employees who submitted complaints of harassment to investigate whether they had to raise the complaints multiple times before G4S investigated the claims, is likely to "cast light on the allegations against the employer."

G4S raises an argument that searching through personnel files for disciplinary history (in response to subpoena item no. 1) would be unduly burdensome, but does not offer any information regarding the manner in which harassment complaints are kept. G4S offers in its opening that it "enforces a strong equal opportunity policy and is committed to maintaining a workplace free from harassment and retaliation." ECF No. 4 at 4. In light of the relevance of the manner in which G4S handles harassment complaints to the charge and investigation, and G4S's proclaimed commitment to its policy, there is no undue burden in G4S's production of harassment complaints generated in San Diego County for the relevant time period. The motion to enforce the subpoena as to Request No. 2 is GRANTED. G4S is ORDERED to produce responsive documents by **January 4, 2019**.

Subpoena Request No. 3

Subpoena item No. 3 requests the unredacted, unaltered contract between Bank of America and G4S because G4S relies on a contractual provision as the basis for its transfer of Ms. Stathas. G4S argues the contract contains sensitive financial and trade secret data, and is irrelevant because the G4S policies and employee handbook clearly provide that employees may be transferred for any reason including a client-directed request. ECF No. 4 at 13-14. The EEOC points to its confidentiality provisions as a basis for the unaltered, unredacted production.

While the Court finds the contract is relevant, the financial information is not relevant to the charge. The motion to enforce as to item No. 3 is GRANTED IN PART

8

18cv2335-BAS (NLS)

and DENIED IN PART. G4S must produce an unaltered copy of the relevant contract with Bank of America by **January 4, 2019**, subject to the following conditions: G4S may redact financial information. Any provisions regarding the transfer of employees or the policies/practices related to claims of harassment or discrimination must be left unaltered and unredacted.

## IV. CONCLUSION

The motion to enforce the subpoena is GRANTED IN PART and DENIED IN PART consistent with the terms of this order.

**IT IS SO ORDERED**.

Dated: November 29, 2018

Hon. Nita L. Stormes
United States Magistrate Judge

9

18cv2335-BAS (NLS)